Trenton H. Norris (California State Bar No. 164781)
Sarah Esmaili (California State Bar No. 206053)
ARNOLD & PORTER LLP
90 New Montgomery Street, Suite 600
San Francisco, CA 94105
Telephone: (415) 356-3000
Facsimile: (415) 356-3099
Email: trent.norris@aporter.com
Email: sarah.esmaili@aporter.com

Peter L. Zimroth (*pro hac vice* admission pending)
Kent A. Yalowitz (*pro hac vice* admission pending)
Nancy G. Milburn (*pro hac vice* admission pending)
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022
Telephone: (212) 715-1000
Facsimile: (212) 715-1399
Email: peter.zimroth@aporter.com
Email: kent.yalowitz@aporter.com
Email: nancy.milburn@aporter.com

Attorneys for Plaintiff
CALIFORNIA RESTAURANT ASSOCIATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA RESTAURANT ASSOCIATION,<br><br>        Plaintiff,<br><br>   v.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO and THE SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH,<br><br>        Defendants. | Case No. _____<br><br>**COMPLAINT** |

COMPLAINT

**PRELIMINARY STATEMENT**

1.  The California Restaurant Association ("CRA") seeks declaratory and injunctive relief to prevent enforcement by the San Francisco Department of Public Health (the "Department") of a newly promulgated ordinance, Ordinance 40-08, which amends San Francisco Health Code §§ 468-468.8. Ordinance 40-08 dictates how selected San Francisco restaurants must communicate nutrition information to their customers. Ordinance 40-08 applies only to restaurants in the City and County of San Francisco that have at least twenty establishments doing business in California. For these restaurants, Ordinance 40-08 requires that select parts of nutrition information (calories on menu boards or calories together with saturated fat, carbohydrates and sodium on menus) be displayed in a precisely prescribed manner on menus and menu boards. But the Nutrition Labeling and Education Act of 1990, 21 U.S.C. §§ 301, 343, 343-1 ("NLEA"), and regulations promulgated thereunder by the federal Food and Drug Administration ("FDA"), expressly preempt laws like Ordinance 40-08, in which a state or subdivision of a state "directly or indirectly" establishes any requirements respecting health or nutrient claims that are "not identical to" the requirements of federal law. Ordinance 40-08 also infringes on the speech rights, guaranteed by both the First Amendment of the United States Constitution and Article I, Section 2 of the California Constitution, of those restaurants that come within its purview, impermissibly compelling government-directed speech. And Ordinance 40-08 is even preempted by California state law because the California Retail Food Code, Cal. Health & Safety Code § 113703 *et seq.* ("CRFC"), fully occupies the field of "health and sanitation standards for retail food facilities . . . ."

2.  Through congressional legislation and FDA regulatory action, the federal government has made a determination that the effective communication by restaurants of nutrition information to consumers is a complex subject requiring flexibility; that there is no one "right way" to communicate this information; that restaurants should be permitted and encouraged to try different ways of doing so; and that they should not be burdened by specific requirements that would hinder experimentation.

3.  Defendants' regime takes a directly contrary approach. For selected restaurants, Defendants wish to require that information about calories, saturated fat, carbohydrates and sodium

- 2 -
COMPLAINT

be communicated in a particular and inflexible manner to customers. A restaurant subject to Ordinance 40-08 must post the nutrition information of each menu item at a particular spot in the restaurant. For items on menu boards, these restaurants must disclose calorie information in a size and typeface as prominent as the menu item's name or price. S.F. Health Code § 468.3(c). On menus, these restaurants must disclose calories, saturated fat, carbohydrates and sodium in a "clear and conspicuous" size and typeface near the menu item. *Id.* § 468.3(b). Failure to make these disclosures subjects restaurants to governmental sanction. *Id.* § 468.6. Federal law imposes no such requirements. Ordinance 40-08 is thus "not identical to" the regulations promulgated under the NLEA and, in fact, contravenes the federal regulatory scheme. Thus, Ordinance 40-08 is expressly preempted and unenforceable under the Supremacy Clause of the United States Constitution.

4.  Defendants' inflexible regime also impermissibly burdens CRA members' First Amendment rights. Ordinance 40-08 requires restaurants to publish Defendants' health message; it forces the restaurants to do so as if the message were the restaurants' own message; and it forces the restaurants to communicate in a way that is incomplete and misleading.

5.  To protect CRA members' First Amendment rights, and to prevent the Defendants from imposing a regime preempted by the NLEA and regulations promulgated thereunder, Plaintiff CRA seeks a declaration that Ordinance 40-08 is invalid, and an injunction barring Defendants from enforcing it.

## JURISDICTION

6.  Because this action arises under the Constitution and laws of the United States, this Court has jurisdiction under 28 U.S.C. § 1331.

7.  This Court has supplemental jurisdiction over Plaintiff's claims arising under the California Constitution and the CRFC pursuant to 28 U.S.C. § 1367.

8.  This Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 to redress deprivations under color of any state law, statute, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States.

9. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(3) because Defendants reside within the State of California and within this judicial district. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**PARTIES**

10. Plaintiff, the California Restaurant Association, is a non-profit trade association representing the California restaurant and food service industry. The Association has over 22,000 members, with over 500 members operating restaurants within the City and County of San Francisco. Certain of these CRA members maintain at least twenty establishments in California, and therefore will be subject to Ordinance 40-08 if it is not enjoined.

11. Defendant the City and County of San Francisco ("San Francisco") is a public entity constituted under the Constitution and the laws of the State of California. Under Article I of the City and County of San Francisco Charter, San Francisco makes and enforces all ordinances and regulations with respect to municipal affairs. San Francisco is responsible for enacting Ordinance 40-08.

12. Defendant San Francisco Department of Public Health is the department responsible for developing and enforcing health policy in the City and County of San Francisco. The Department will be responsible for enforcement of Ordinance 40-08 if it is allowed to take effect. *See* S.F. Health Code § 468.6(f).

**BACKGROUND**

13. Under the NLEA, restaurants are generally exempted from the mandatory labeling requirements that apply to packaged foods. Restaurants making health and nutrient content claims, however, are required under the NLEA to comply with FDA regulations governing the provision of such information. 21 U.S.C. § 343(r)(2)(A).

14. Based on studies conducted by the FDA and others, the FDA concluded that it was premature to draw firm conclusions about the effectiveness, if any, of any particular method of communicating nutrient information in restaurants, and that restaurants should be given leeway and encouragement to experiment with providing health and nutrient content claims in different formats.

- 4 -

Thus, FDA regulations expressly grant restaurants broad discretion in choosing a format for the presentation of whatever nutrition information they provide. 21 C.F.R. § 101.10. Specifically, section 101.10 of the FDA's regulations allows restaurants to present nutrition information "in various forms, including those provided in § 101.45 [allowing a wide range of formats, including signs, charts, brochures, posters, leaflets, videos and other media] *and other reasonable means.*" (Emphasis supplied.)

15. This flexibility is essential to the FDA's regulatory scheme, which seeks to secure the availability of accurate and complete information about the nutritional content of restaurant food without making the requirements for disclosure unnecessarily onerous.

16. In accordance with the discretion granted under the NLEA and accompanying regulations, some CRA members have elected to provide nutritional information to their customers using a variety of formats, including in-store brochures, websites, in-store posters, toll free numbers, tray liners and food packaging.

17. Such restaurants have sought to give customers access to complete nutrient information in a user-friendly format that emphasizes the importance of a well-balanced diet and a healthy lifestyle. Consistent with the prevailing view among public health experts that obesity is the result of several factors acting together over time, and that proper consumer education is essential, these restaurants have avoided overemphasizing the importance of any one nutrient—such as calories, fat or carbohydrates—to an overall, well-balanced diet, and have focused instead on providing consumers with a balanced presentation of all relevant nutrition information, including fat, sodium, calories, carbohydrates, cholesterol, protein, vitamins and minerals.

18. On March 24, 2008, San Francisco enacted Ordinance 40-08, which requires all restaurants with at least twenty establishments in California to post certain nutrition information for each menu item on menus, menu boards and food tags. Ordinance 40-08 is scheduled to take effect on September 20, 2008.

19. Ordinance 40-08 dictates the manner, size and typeface that the restaurant must use to present certain nutrient content claims of an item. On menu boards and food tags, Ordinance 40-08 mandates that covered restaurants post the "total number of calories … next to or beneath each

1  Menu Item … using a font and format … at least as prominent, in size and appearance, as that used
2  to post either the name or price of the Menu Item." S.F. Health Code § 468.3(c). On their menus,
3  covered restaurants must post the total number of calories, total number of grams of saturated fat,
4  total number of grams of carbohydrates and total number of milligrams of sodium "next to or
5  beneath each Menu Item using a size and typeface that is clear and conspicuous." S.F. Health Code
6  § 468.3(b). The law further requires that these restaurants state on their menus, "Recommended
7  limits for a 2,000 calorie daily diet are 20 grams of saturated fat and 2,300 milligrams of sodium."
8  Id. § 468.3(b)(2).

      20.    Ordinance 40-08 thus isolates on menus and menu boards certain nutrition content from the body of nutrition information set forth in the FDA-created "Nutrition Facts" panel format found on packaged foods. In contrast to Ordinance 40-08, the "Nutrition Facts" panel provides the full range of information the FDA has determined consumers require to make informed dietary choices, including calories from fat, fat, trans fat, cholesterol, dietary fiber, sugars, protein, and vitamin and mineral content of a given menu item. Ordinance 40-08 severely limits restaurants' freedom in communicating nutrition information to their customers. By forcing restaurants to make nutrient content claims only on select information, Ordinance 40-08 compels restaurants to convey a nutrition message on their menu and menu boards that the restaurants believe is incomplete, misleading, and with which they do not agree: namely, that information on these select nutrients is the only relevant nutrition criterion to consider when making food selections.

      21.    Limiting the nutrient information—on menu boards to calories and on menus to calories, saturated fat, carbohydrates and sodium—as a guideline to the healthfulness of a particular food, is misleading. Some higher calorie foods, for example, have more nutritional value than some lower calorie foods.

      22.    By imposing a rigid regime governing how restaurants must communicate nutritional information to customers, Ordinance 40-08 contravenes the approach taken by Congress, the FDA, and prevailing public health opinion.

      23.    Ordinance 40-08 also imposes significant economic injury on the restaurants it governs. CRA members will incur added costs in complying with Ordinance 40-08. Addition of

- 6 -

COMPLAINT

nutrition information will increase the amount of text on the menus and menu boards. In order to fit the new information, the font size of the item name and price in all likelihood would have to be reduced, making menus and menu boards more cluttered and harder to read.

## FIRST CAUSE OF ACTION

(Federal Preemption)

24. Plaintiff realleges each and every allegation contained above.

25. The Supremacy Clause (Article VI) of the United States Constitution states that the "Laws of the United States which shall be made in Pursuance [of the Constitution] . . . shall be the supreme Law of the Land . . . ." When there is a conflict between a state law and federal law, the federal law preempts the state law.

26. The NLEA provides that any food labeling requirement imposed by a state or political subdivision of a state that is "not identical to" the requirement contained in the statute is preempted. 21 U.S.C. § 343-1(a)(5). Specifically, the NLEA states: "no State or political subdivision of a State may directly or indirectly establish under any authority or continue in effect as to any food in interstate commerce any requirement respecting any claim of the type described in section 343(r)(1) of this title [*i.e.*, nutrition claims] made in the label or labeling of food that is not identical to the requirement of section 343(r) of this title, except a requirement respecting a claim made in the label or labeling of food which is exempt under [a section of the statute dealing with claims concerning cholesterol, saturated fat, dietary fiber and nutrients that increase the risk of disease, not relevant here]." *Id.*

27. The labeling requirements contained in Ordinance 40-08 are "not identical to" the requirements in the NLEA. Ordinance 40-08 isolates certain nutrition information from all other nutrient content claims, requires that it be posted in particular spots at the restaurant (the menu, food tags or menu board), and dictates that it be presented in a certain size and appearance (including font and format). The NLEA does not contain any of these requirements. Therefore, Ordinance 40-08 is "not identical to" the requirements in the NLEA and is preempted.

28.     As a nutrient labeling requirement inconsistent with both the language and purpose of the NLEA and its regulations, Ordinance 40-08 is preempted under the Supremacy Clause of the United States Constitution.

## SECOND CAUSE OF ACTION

(State Preemption)

29.     Plaintiff realleges each and every allegation contained above.

30.     Article XI, Section 7 of the California Constitution provides that "[a] county or city may make and enforce within its limits all local, police, sanitary and other ordinances and regulations not in conflict with general laws." When there is a conflict between a local law and state law, the state law preempts the local law.

31.     The California Retail Food Code ("CRFC"), Cal. Health & Safety Code § 113703 *et seq.*, regulates the retail sale of food, including food served at restaurants, on a statewide basis. The CRFC provides that, "[e]xcept as provided in Section 113709 [not relevant here], it is the intent of the Legislature to occupy the whole field of health and sanitation standards for retail food facilities, and the standards set forth in this part and regulations adopted pursuant to this part shall be exclusive of all local health and sanitation standards relating to retail food facilities." Cal. Health & Safety Code § 113705.

32.     Under the CRFC, pre-packaged foods must meet labeling requirements, including nutrition labeling requirements specified under the NLEA. Cal. Health & Safety Code § 114089(a), (b)(5). In addition, the CRFC contains labeling requirements for bulk foods. The CRFC does not specifically require nutrition labeling of foods prepared and served at restaurants. By contrast, Ordinance 40-08 requires that certain nutrition information be posted in particular spots at the restaurant (the menu, food tags or menu board) and dictates that it be presented in a certain size and appearance (including font and format).

33.     The requirements of Ordinance 40-08 fall within the CRFC's fully occupied field of "health and sanitation standards for retail food facilities . . . ." Thus, Ordinance 40-08 conflicts with the CRFC.

34. As a nutrient labeling requirement that conflicts with the CRFC, Ordinance 40-08 is preempted under the California Constitution.

### THIRD CAUSE OF ACTION

(First Amendment)

35. Plaintiff realleges each and every allegation contained above.

36. The First Amendment of the United States Constitution provides: "Congress shall make no law . . . abridging the freedom of speech . . . ." In protecting the autonomy of every speaker to choose the content of his message, the First Amendment—applied to the states by incorporation into the Fourteenth Amendment—guarantees the right to speak, the right not to speak, and the right to choose the content on one's message. The commercial nature of speech does not deprive it of these guarantees.

37. By requiring restaurants to make certain nutrient content claims on their menus and menu boards, Ordinance 40-08 compels restaurants to convey Defendants' health message; to express the message as if it were the restaurants' own; and to deliver a message with which many restaurants disagree: namely, that information about calories and a few other nutrients is the only relevant nutrition criterion to consider when making food selections.

38. Defendants are unable to demonstrate that Ordinance 40-08 will advance their asserted interest in reducing the incidence of obesity in the City and County of San Francisco. Absent this demonstration, San Francisco's substantial infringement of member restaurants' constitutional rights is impermissible.

39. In addition, Ordinance 40-08 is not narrowly enough drawn.

40. Accordingly, Ordinance 40-08 violates member restaurants' rights to freedom of speech guaranteed by the First Amendment to the United States Constitution, as incorporated by the Fourteenth Amendment.

41. Plaintiff has no remedy at law for such deprivation of its members' rights.

### FOURTH CAUSE OF ACTION

(Article I, Section 2 of the California Constitution)

42. Plaintiff realleges each and every allegation contained above.

43. Article I, Section 2 of the California Constitution provides: "Every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press." The California Constitution guarantees the right to speak, the right not to speak, and the right to choose the content on one's message. The commercial nature of speech does not deprive it of these guarantees.

44. By requiring restaurants to make certain nutrient content claims on their menus and menu boards, Ordinance 40-08 compels restaurants to convey Defendants' health message; to express the message as if it were the restaurants' own; and to deliver a message with which many restaurants disagree: namely, that information about calories and a few other nutrients is the only relevant nutrition criterion to consider when making food selections.

45. Defendants are unable to demonstrate that Ordinance 40-08 will advance their asserted interest in reducing the incidence of obesity in the City and County of San Francisco. Absent this demonstration, San Francisco's substantial infringement of member restaurants' state constitutional rights is impermissible.

46. In addition, Ordinance 40-08 is not narrowly enough drawn.

47. Accordingly, Ordinance 40-08 violates member restaurants' rights to freedom of speech guaranteed by Article I, Section 2 of the California Constitution.

48. Plaintiff has no remedy at law for such deprivation of its members' rights.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff CRA demands judgment against Defendants on each and every cause of action:

1. Declaring that Ordinance 40-08, being inconsistent with federal labeling laws, is preempted under the Supremacy Clause of the United States Constitution and, therefore, of no force;

2. Declaring that Ordinance 40-08 is preempted by California Retail Food Code and, therefore, of no force;

- 10 -
COMPLAINT

3. Declaring that Ordinance 40-08 denies Plaintiff's member restaurants the right to freedom of speech and thereby violates the First Amendment to the United States Constitution, as incorporated by the Fourteenth Amendment;

4. Declaring that Ordinance 40-08 denies Plaintiff's member restaurants the right to freedom of speech guaranteed by Article I, Section 2 of the California Constitution;

5. Preliminarily and permanently enjoining the Defendants from enforcing Ordinance 40-08;

6. Awarding Plaintiff damages to be proved at trial pursuant to 42 U.S.C. § 1983, and its costs and expenses, including reasonable attorneys' fees as permitted by 42 U.S.C. § 1988, necessarily incurred in connection with this action; and

7. Granting such other and further relief as this Court may deem just and proper.

Dated: July 3, 2008

ARNOLD & PORTER LLP

By: /s/ Trenton H. Norris /SE
Trenton H. Norris
Attorneys for Plaintiff
CALIFORNIA RESTAURANT ASSOCIATION

- 11 -
COMPLAINT

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
CALIFORNIA RESTAURANT ASSOCIATION

## DEFENDANTS
THE CITY AND COUNTY OF SAN FRANCISCO and THE SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH

(b) County of Residence of First Listed Plaintiff   SACRAMENTO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   SAN FRANCISCO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Arnold & Porter LLP
90 New Montgomery Street, Suite 600
San Francisco, CA 94105
(415) 356-3000

Attorneys (If Known)

Francesca Gessner & Tara Steeley
Deputy City Attorneys

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities – Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [x] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 1983; the First and Fourteenth Amendments

Brief description of cause:
Action for declaratory judgment that local ordinance is unconstitutional.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
[x] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE   July 3, 2008

SIGNATURE OF ATTORNEY OF RECORD   Trenton H. Norris

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: <u>47 USC 553</u>
              Brief Description: <u>Unauthorized reception of cable service</u>

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.