1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  WAYNE SNODGRASS, State Bar #148137
   FRANCESCA GESSNER, State Bar #247553
3  TARA M. STEELEY, State Bar #231775
   Deputy City Attorneys
4  1 Dr. Carlton B. Goodlett Place
   City Hall, Room 234
5  San Francisco, California 94102-4682
   Telephone:    (415) 554-4762
6  Facsimile:    (415) 554-4699
   E-Mail:        francesca.gessner@sfgov.org
7

8  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO
9

10                UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12

13  CALIFORNIA RESTAURANT            Case No. C08-3247 CW
    ASSOCIATION,
14                                   DEFENDANT CITY AND COUNTY OF
              Plaintiff,             SAN FRANCISCO'S STATEMENT OF
15                                   NON-OPPOSITION TO SANTA
         vs.                         CLARA COUNTY'S
16                                   ADMINISTRATIVE MOTION TO
    THE CITY AND COUNTY OF SAN       RELATE CASES
17  FRANCISCO AND THE SAN
    FRANCISCO DEPARTMENT OF          The Honorable Claudia Wilken
18  PUBLIC HEALTH,

19            Defendants.

20

21

22

23

24

25

26

27

28

DEF.'S STATEMENT OF NON-OPPOSITION                    n:\govlit\li2008\090033\00502062.doc
CASE NO.  C08-3247 CW

Defendant the City and County of San Francisco ("San Francisco") respectfully submits this statement of non-opposition to the Administrative Motion to Consider Whether Cases Should Be Related filed by the County of Santa Clara and the Santa Clara County Public Health Department ("Santa Clara").  Santa Clara's motion seeks a determination that the above-captioned case is related to *California Restaurant Association v. The County of Santa Clara et al.*, Case no. 08-CV-03685 RS (reassignment pending) ("Santa Clara case").  San Francisco agrees with Santa Clara that the two cases are related under Local Civil Rule 3-12.  The motion is unopposed and should be granted.

In its Statement of Non-Opposition to Defendant's Administrative Motion, the California Restaurant Association ("CRA") improperly asks this Court to order an expedited briefing schedule in the Santa Clara case.  CRA's request for an expedited briefing schedule contained within their Statement of Non-Opposition does not comply with Civil Local Rule 6-1 through 6-3.  Further, CRA's request is premature and unnecessary for the reasons set forth in Santa Clara's Opposition to CRA's Administrative Motion For An Order Setting Expedited Hearing and Briefing Schedule and the related declarations, attached hereto as Exhibit 1.


Dated:  August 8, 2008

> DENNIS J. HERRERA
> City Attorney
> WAYNE SNODGRASS
> FRANCESCA GESSNER
> TARA M. STEELEY
> Deputy City Attorneys
>
>
> By:  _____/s/_____
>      FRANCESCA GESSNER
>
> Attorneys for Defendant
> CITY AND COUNTY OF SAN FRANCISCO

**EXHIBIT 1**

1  ANN MILLER RAVEL, County Counsel (S.B. #62139)
   MIGUEL MARQUEZ, Assistant County Counsel (S.B. #184621)
2  TAMARA LANGE, Lead Deputy County Counsel (S.B. #177949)
   OFFICE OF THE COUNTY COUNSEL
3  70 West Hedding Street, East Wing, Ninth Floor
   San Jose, California 95110-1770
4  Telephone: (408) 299-5900
   Facsimile: (408) 292-7240
5
6  Attorneys for Defendants
   COUNTY OF SANTA CLARA and SANTA
7  CLARA COUNTY PUBLIC HEALTH
   DEPARTMENT
8
9
                    UNITED STATES DISTRICT COURT
10
                 NORTHERN DISTRICT OF CALIFORNIA
11
                          SAN JOSE DIVISION
12
13  CALIFORNIA RESTAURANT            )   No. C 08-03685 JF
    ASSOCIATION,                     )
14                                   )   DEFENDANTS' OPPOSITION TO
                                     )   PLAINTIFF'S ADMINISTRATIVE
15          Plaintiff,               )   MOTION FOR AN ORDER SETTING
                                     )   EXPEDITED HEARING AND BRIEFING
16                                   )   SCHEDULE ON MOTION FOR
    v.                               )   DECLARATORY RELIEF AND A
17                                   )   PRELIMINARY INJUNCTION AND
                                     )   REQUIRING FILING OF STATE COURT
18  THE COUNTY OF SANTA CLARA        )   MOTION PAPERS
    and THE SANTA CLARA COUNTY       )
19  PUBLIC HEALTH DEPARTMENT,        )   Complaint filed: July 22, 2008
                                     )   Notice of Removal filed: August 1, 2008
20          Defendants.              )
                                     )   The Honorable Jeremy Fogel
21  _____  )

22          The California Restaurant Association (CRA) seeks an expedited hearing schedule on its

23  motion for a preliminary injunction barring enforcement of Defendants' menu labeling

24  ordinance (Ordinance). CRA's administrative motion for an expedited briefing schedule should

25  be denied for two reasons. First, a motion to relate this case to CRA's nearly-identical action

26  challenging San Francisco's menu labeling ordinance is pending before Judge Wilken in the

27  Oakland Division. Denying CRA's administrative motion will allow CRA's challenges to the

28  Santa Clara County and San Francisco ordinances to be heard and decided together on a

1   schedule established by Judge Wilken.  Second, CRA has requested an unreasonable briefing

2   schedule that would require Defendants' opposition to be filed today and that is predicated on

3   erroneous assertions that Defendants had agreed upon an expedited briefing schedule in state

4   court and that Defendants have "refused" to delay enforcement of the Ordinance.

5           CRA's motion to require Defendants to file of the remainder of CRA's state court

6   motion papers should be denied as moot because, although CRA has never asked Defendants to

7   file the voluminous state court record, Defendants will agree to do so.

8   **A.    PLAINTIFF'S FORUM SHOPPING IS PREVENTING EFFECTIVE
        SCHEDULING AND CONSIDERATION OF ITS MOTION**

9

10          Defendants Santa Clara County and the Santa Clara County Public Health Department

11  removed this action to federal court on August 1, 2008, six business days after CRA filed its

12  preliminary injunction motion in state court.  As required by 28 U.S.C. § 1441, Defendants

13  removed "to the . . . division embracing the place where such action is pending[.]"  On the

14  following business day, Defendants sought CRA's stipulation to relate this action to *California*

15  *Restaurant Association v. The City and County of San Francisco and The San Francisco*

16  *Department of Public Health*, Case No. CV-08-3247 CW, now pending before Judge Wilken.

17  Although CRA has now filed a non-opposition to Defendants' motion to relate the two cases,

18  Declaration of Tamara Lange (Lange Decl.) at ¶ 7, Exh. C, CRA originally refused to stipulate

19  to relation of the cases.  Declaration of Sarah Esmaili at ¶ 5.  By requiring Defendants to go

20  through the process of removing this case to federal court and then refusing to stipulate to

21  relation to CRA's parallel case in the Oakland Division, CRA has forced Defendants to expend

22  valuable time on several procedural motions.

23          Although CRA's motion suggests otherwise, Defendants never "agreed" to file their

24  opposition in state court on August 4th, a mere 11 days after accepting service of the preliminary

25  injunction motion.  Sprinkles Decl. at ¶¶ 2-6.  Had Defendants elected to proceed in state court,

26  they could and would have requested additional time to file an opposition to the preliminary

27  injunction motion.  Such an application made little sense, however, once Santa Clara decided to

28  remove the case.  It was particularly inappropriate to file such a request when the Santa Clara

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

1   Superior Court had not even determined at the time of removal whether the case would remain

2   on the Complex Civil Calendar.

3       CRA purports to need an expedited briefing schedule because Defendants "have refused

4   to stay the September 1, 2008 effective date of the Ordinance." Plaintiff's Administrative

5   Motion at 2. This is inaccurate. Actually, the press of time CRA now feels is a direct result of

6   its own forum-shopping tactics. After testifying against the Ordinance on June 3, 2008, at the

7   same hearing at which the Santa Clara County Board of Supervisors first voted 5-0 to adopt the

8   Ordinance, Declaration of Jennifer Sprinkles (Sprinkles Decl.) at ¶ 7, CRA delayed filing this

9   lawsuit for over seven weeks – and then filed in state court just five weeks before the Ordinance

10  is scheduled to take effect.[1]

11      CRA now wants Defendants either to agree to a briefing schedule that would prejudice

12  their defense or to delay enforcement of the Ordinance. CRA and its counterpart, the New York

13  State Restaurant Association (NYSRA) have used the same tactics in the other two menu

14  labeling cases now pending in federal courts. Their strategy involves trying to force the few

15  public entities that have adopted menu labeling ordinances either to delay the effective dates of

16  their new laws pending resolution of their preliminary injunction motions or to file opposition

17  papers on a schedule more typical of proceedings on an application for a temporary restraining

18  order. For example, although New York City's menu labeling regulation, Health Code § 81.50,

19  was enacted on December 5, 2006 and was the subject of substantial local and national press,

20  NYSRA waited over six months, until June 15, 2007, to challenge the law, which was scheduled

21  to take effect on July 1, 2007.[2]

22      Similarly, San Francisco's menu labeling ordinance, Ordinance 40-08, was signed into

23  law on March 24, 2008. Although CRA testified at legislative hearings before San Francisco's

24  ordinance was adopted, CRA waited over three months, until July 3rd, to challenge the law,

25

26  _____

    [1] At the required second reading of the Ordinance on June 24, 2008, the Board again voted 5-0
27  in favor of requiring menu labeling by chain restaurants.

28  [2] *See* Summary of New York City litigation at: http://www.nyc.gov/html/doh/html/cdp/cdp_pan-
    calorieupdate.shtml.

1    which was scheduled to take effect on September 20th.  Sprinkles Decl., ¶ 7.  CRA then sought a

2    delay in the effective date as a condition of its agreement to provide San Francisco with

3    additional time to oppose the motion for preliminary injunction.  Lange Decl., ¶ 2-3.

4         Imposing the sort of abbreviated schedule Plaintiff has requested would hamstring the

5    Defendants.  As Defendants have explained, Santa Clara County Public Health Director Martin

6    Fenstersheib, M.D. is out of the office until August 11, 2008 and will not be available until his

7    return to provide the substantive factual and medical information essential to his expert

8    declaration in support of Defendants' opposition to CRA's motion for a preliminary injunction.

9    Lange Decl., ¶ 4.  Given the number and complexity of the claims at issue on the preliminary

10   injunction motion, and the unavailability of the County's Public Health Director, Defendants

11   need time to complete effective opposition papers.  Defendants respectfully submit that the

12   briefing and hearing schedule for CRA's motion should be set by Judge Wilken, as it would

13   have been had CRA not sought to avoid coordinated consideration of the San Francisco and

14   Santa Clara County menu labeling ordinances.

15   **B.     DEFENDANTS WILL AGREE TO RE-FILE IN THIS COURT THE
           REMAINDER OF CRA'S SUPPORTING PAPERS ORIGINALLY FILED IN**
16   **STATE COURT**

17        In their removal papers, Defendants included CRA's preliminary injunction motion and

18   memorandum of points and authorities and requested pursuant to 28 U.S.C. § 1447(b) that the

19   Court issue a writ to obtain the complete file from the state court.  CRA has never informed

20   Defendants that they objected to that request, nor has CRA asked Defendants to re-file in the

21   federal proceeding CRA's supporting papers in the state court action.  Having determined that it

22   is possible for Defendants to re-file here the voluminous supporting papers CRA e-filed in state

23   court (rather than going through the laborious process of scanning them first), Defendants will

24   agree to file the remaining papers and to withdraw their request pursuant to 28 U.S.C. §

25   / / /

26   / / /

27   / / /

28   / / /

1  1447(b).  CRA's administrative motion to require Defendants to file CRA's papers should

2  therefore be denied as moot.

3  Dated: August 8 2008                          Respectfully submitted,

4                                                ANN MILLER RAVEL
                                                 County Counsel
5
                                        By:              /S/
6                                                TAMARA LANGE
                                                 Lead Deputy County Counsel
7
                                                 Attorneys for Defendants
8                                                COUNTY OF SANTA CLARA and
                                                 SANTA CLARA COUNTY PUBLIC
9                                                HEALTH DEPARTMENT

10  138433.wpd

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | ANN MILLER RAVEL, County Counsel (S.B. #62139)
2 | MIGUEL MARQUEZ, Assistant County Counsel (S.B. #184621)
TAMARA LANGE, Lead Deputy County Counsel (S.B. #177949)
OFFICE OF THE COUNTY COUNSEL
3 | 70 West Hedding Street, East Wing, Ninth Floor
San Jose, California 95110-1770
4 | Telephone: (408) 299-5900
Facsimile: (408) 292-7240
5 |
6 | Attorneys for Defendants
COUNTY OF SANTA CLARA and SANTA
7 | CLARA COUNTY PUBLIC HEALTH
DEPARTMENT
8 |

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

11 | SAN JOSE DIVISION

12 |

13 | CALIFORNIA RESTAURANT
ASSOCIATION,                            ) No. C 08-03685 JF
14 |                                     )
            Plaintiff,                   ) **DECLARATION OF JENNIFER**
15 |                                     ) **SPRINKLES IN SUPPORT OF**
                                         ) **OPPOSITION TO ADMINISTRATIVE**
      v.                                 ) **MOTION FOR EXPEDITED BRIEFING**
16 |                                     )
                                         )
17 | THE COUNTY OF SANTA CLARA            ) Complaint filed: July 22, 2008
and THE SANTA CLARA COUNTY               ) Notice of Removal filed: August 1, 2008
18 | PUBLIC HEALTH DEPARTMENT,            )
                                         ) The Honorable Jeremy Fogel
            Defendants.                   )
19 | _____     )

20 | I, JENNIFER SPRINKLES, do declare that:

21 |     I have personal knowledge of all of the matters stated herein and could testify truthfully

22 | thereto if called to testify.

23 |     1. I am a Deputy County Counsel with the Office of the County Counsel for the County

24 | of Santa Clara and am licensed to practice in all the courts of the State of California.

25 |     2. On July 22, 2008, Plaintiff filed a Complaint in the Superior Court of the County of

26 | Santa Clara. On July 23, I appeared in the Superior Court before the Honorable Judge Joseph

27 | Huber on behalf of the County for purposes of an *ex parte* hearing regarding Plaintiff's

28 | application for an order permitting Plaintiff to exceed the Superior Court's 15 page limit for a

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Declaration of Jennifer Sprinkles in
Support of Opposition to Administrative
Motion for Expedited Briefing                1                          C 08-03685 JF

1    memorandum in support of a preliminary injunction. Judge Huber denied the request to file a

2    37 page memorandum, but granted an extension permitting a 30 page limit.

3        3. Judge Huber instructed counsel to meet with Rowena Walker, Clerk of the Complex

4    Civil Department to file documents and to discuss the Complex Civil Calendar. The Clerk

5    indicated that Judge Huber would issue a decision about whether the matter would be on the

6    Complex Civil Calendar and that, based on that determination, the matter would be scheduled

7    for hearing. The Clerk informed us that if the Court sent the matter back to the regular civil

8    calendar, the hearing date would be set by another judge and that if the case remained on the

9    Complex Civil Calendar the matter could be heard on Judge Huber's regular law and motion

10   day (i.e., on a Friday), but no earlier than August 15, 2008.

11       4. I asked the Clerk whether the parties could stipulate to a briefing schedule and hearing

12   date, and the Clerk indicated that a stipulation would be appropriate. I did not agree, either on

13   July 23, 2008 or at any other time, to a stipulated hearing date and briefing schedule. In fact, to

14   my knowledge, no hearing date was selected on July 23.

15       5. Ms. Esmaili also asked on July 23, 2008 about the possibility of delaying the effective

16   date of the Ordinance. I told her that I did not know what view our client, the Santa Clara

17   County Board of Supervisors, would have regarding a request to delay the effective date of the

18   Ordinance. I also told Ms. Esmaili that the Board was not in session and that I was unsure what

19   the timing would be for going to the Board to pose that question.

20       6. I called Ms. Esmaili the following week, on July 30, 2008, and told her that we had no

21   additional information because our County Counsel was away and the Board of Supervisors was

22   not scheduled to hold its next public hearing until August 12, 2008.

23       7. I was present at the June 3, 2008 meeting of the Santa Clara County Board of

24   Supervisors for the first vote on the County's menu labeling ordinance. Amalia B. Chamorro,

25   Director of Local Government Affairs for the California Restaurant Association, was present

26   and testified against the ordinance. At that meeting, the Board voted 5-0 in favor of adoption.

27   / / /

28   / / /

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Declaration of Jennifer Sprinkles in
Support of Opposition to Administrative
Motion for Expedited Briefing                2                    C 08-03685 JF

1    The second reading and final vote to approve the menu labeling ordinance was June 24th, which

2    was also the last scheduled Board meeting until August 12th.

3        I declare under penalty of perjury under the laws of the State of California that the

4    foregoing is true and correct.  Executed at San Jose, California on August 8, 2008.

5

6

7                                     JENNIFER SPRINKLES

8    138715.wpd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Declaration of Jennifer Sprinkles in
Support of Opposition to Administrative
Motion for Expedited Briefing          3          C 08-03685 JF

1  ANN MILLER RAVEL, County Counsel (S.B. #62139)
   MIGUEL MARQUEZ, Assistant County Counsel (S.B. #184621)
2  TAMARA LANGE, Lead Deputy County Counsel (S.B. #177949)
   OFFICE OF THE COUNTY COUNSEL
3  70 West Hedding Street, East Wing, Ninth Floor
   San Jose, California 95110-1770
4  Telephone: (408) 299-5900
   Facsimile: (408) 292-7240

5

6  Attorneys for Defendants
   COUNTY OF SANTA CLARA and SANTA
7  CLARA COUNTY PUBLIC HEALTH
   DEPARTMENT

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                   SAN JOSE DIVISION

12

13  CALIFORNIA RESTAURANT            )   No. C 08-03685 JF.
    ASSOCIATION,                     )
14                                   )   **DECLARATION OF TAMARA LANGE IN**
                                     )   **SUPPORT OF OPPOSITION TO**
15         Plaintiff,                )   **ADMINISTRATIVE MOTION FOR**
                                     )   **EXPEDITED BRIEFING**
16  v.                               )
                                     )   Complaint filed: July 22, 2008
17  THE COUNTY OF SANTA CLARA        )   Notice of Removal filed: August 1, 2008
    and THE SANTA CLARA COUNTY       )
18  PUBLIC HEALTH DEPARTMENT,        )   The Honorable Jeremy Fogel
                                     )
19         Defendants.               )
    _____ )

20  I, TAMARA LANGE, do declare that:

21         I have personal knowledge of all of the matters stated herein and could testify truthfully

22  thereto if called to testify.

23         1.  I am a Lead Deputy County Counsel with the Office of the County Counsel for the

24  County of Santa Clara and am licensed to practice in all the courts of the State of California.

25         2.  On August 4, 2008, I spoke with Sarah Esmaili of Arnold & Porter LLP, counsel for

26  Plaintiff California Restaurant Association (CRA). I asked whether CRA would stipulate to a

27  proposed order relating the cases. Ms. Esmaili asked in that conversation whether the County of

28  Santa Clara would agree to delay the September 1, 2008 effective date of Santa Clara County

Declaration of Tamara Lange in
Support of Opposition to Administrative
Motion for Expedited Briefing                      1                        C 08-03685 JF

1    Ordinance No. NS-300.793 (the Ordinance). I explained that only the Board of Supervisors

2    (Board) can delay the effective date of duly-enacted local laws, including the Ordinance, and

3    that the Board was not scheduled to meet again until August 11- 12, 2008.

4        3.   In a further conversation on August 5, 2008, Ms. Esmaili informed me that CRA

5    would be unable to stipulate to relation of the two cases because doing so would create a 10-day

6    period for decision on the motion to relate, which could in turn delay CRA's ability to obtain a

7    Court order setting an expedited briefing schedule on their motion for a preliminary injunction.

8    Ms. Esmaili reiterated that CRA would require that Defendants agree to a delay in the effective

9    date as a condition of its agreement to provide San Francisco with additional time to oppose the

10   motion for preliminary injunction.

11       4.   In that same conversation on August 5, 2008, I explained to Ms. Esmaili that, given

12   the voluminous material submitted in support of their motion and the very recent filing of the

13   litigation, to prepare effectively to file opposition papers, I would need substantially more time

14   than the three days CRA proposed in their briefing schedule. I further explained that Public

15   Health Director Martin Fenstersheib, M.D. is out of the office until August 11, 2008 and will

16   not be available to provide the substantive factual and medical information essential to his

17   expert declaration in support of Defendants' opposition to CRA's motion for a preliminary

18   injunction.

19       5.   Attached hereto as Exhibit A is the Santa Clara County Board of Supervisors Closed

20   Session Agenda for August 11, 2008.

21       6.   Attached hereto as Exhibit B is the Stipulation and Order Regarding Page Limits

22   And Briefing Schedule Regarding Plaintiff's Motion for Declaratory Relief and a Preliminary

23   Injunction, and a Stay of Enforcement filed in Case No. C-08-3247 CW.

24   ///

25   ///

26   ///

27   ///

28   ///

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Declaration of Tamara Lange in
Support of Opposition to Administrative
Motion for Expedited Briefing                2                    C 08-03685 JF

7.    Attached hereto as Exhibit C is Plaintiff's Statement of Non-Opposition to Defendants' Administrative Motion to Consider Whether Cases Should Be Related, filed in Case No. C-08-3247 CW.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed at San Jose, California on August 8, 2008.

TAMARA LANGE

138726.wpd

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Declaration of Tamara Lange in
Support of Opposition to Administrative
Motion for Expedited Briefing                    3                    C 08-03685 JF

## BOARD OF SUPERVISORS CLOSED SESSION AGENDA

**County Government Center**
**10th Floor Conference Room**
**70 West Hedding Street**
**Monday, August 11, 2008**

**2:00 p.m.**

The Board will meet in open and public session to identify the real property Negotiators for Item No. 3 and its Designated Representatives for Item Nos. 5, 6 and 7.

1.  Personnel (Government Code Section 54957):
    It is the intention of the Board to meet in Closed Session to consider:

    Employee Evaluations
    Chief of Correction
    Clerk of the Board
    County Counsel
    County Executive
    Director, Child Support Services
    Public Defender

2.  Pending Litigation (Government Code Section 54956.9(a)):
    It is the intention of the Board to meet in Closed Session to confer with Legal Counsel regarding three items of existing litigation.

    A.  Melanie and John Godby v. County of Santa Clara
        Santa Clara County Superior Court Case No. 1-07-CV-096603

    B.  California Restaurant Association v. County of Santa Clara, et al.
        U.S. District Court, Northern District of California, Case No. C08-03685 RS

    C.  County of Santa Clara, et al. v. Atlantic Richfield Company, et al.
        California Supreme Court Case No. S163681

3.  Real Property Negotiations (Government Code Section 54956.8):
    It is the intention of the Board to meet in Closed Session to confer with its Real Property Negotiators concerning:

    The price and terms of payment for the possible sale of real property located at 2500 Senter Road, San Jose (APN 497-41-098). The negotiator for the County is Patrick Love, Asset and Economic Development Director. The negotiator for Charities Housing is Chris Block, Executive Director.



Closed Session Agenda
August 11, 2008
Page 2

4.    Threat to Public Services or Facilities (Government Code Section 54957):
      It is the intention of the Board to meet in Closed Session regarding the security of public
      buildings, essential public services, or the public's right of access to public services or
      public facilities.

5.    Conference with Labor Negotiators (Government Code Section 54957.6):
      It is the intention of the Board to meet in Closed Session to confer with its Designated
      Representatives:

      Designated Representative's Name: Luke Leung

      Local 20, IFPTE, Engineers and Scientists (ESC)
      Local 21, IFPTE, Engineers and Architects (E&A)
      Local 521, SEIU
      Local 1587, AFSCME, Probation Peace Officers Union
      Administrative Confidential Employees (ACE)
      Building Trades Council (BTC)
      Committee of Interns and Residents (CIR/SEIU)
      Correctional Peace Officers Association (CPOA)
      County Counsel Attorneys Association (CCAA)
      County Employees Management Association (CEMA)
      Deputy Sheriffs' Association (DSA)
      District Attorneys Investigators Association (DAIA)
      Government Attorneys Association (GAA)
      Park Rangers Association
      Registered Nurses Professional Association (RNPA)
      Union of American Physicians and Dentists (UAPD)
      Unrepresented Executive Management

      **For the following item, the Board will meet as the Governing Board of the In Home
Supportive Services (IHSS) Public Authority.**

6.    Conference with Labor Negotiators (Government Code Section 54957.6):
      It is the intention of the Board to meet in Closed Session to confer with its Designated
      Representatives concerning the following:

      Designated Representative's Name: Luke Leung
      Local 521, SEIU

      **For the following item, the Board will meet as the Board of Directors for the Santa
Clara County Central Fire Protection District.**

7.    Conference with Labor Negotiators (Government Code Section 54957.6):
      It is the intention of the Board to meet in Closed Session to confer with its Designated
      Representatives concerning the following:

      Designated Representative's Name: Luke Leung
      Local 1165, International Association of Fire Fighters (IAFF)

1   Trenton H. Norris (California State Bar No. 164781)
    Sarah Esmaili (California State Bar No. 206053)
2   ARNOLD & PORTER LLP
    90 New Montgomery Street, Suite 600
3   San Francisco, CA  94105
    Telephone:  (415) 356-3000
4   Facsimile:  (415) 356-3099
    Email:  trent.norris@aporter.com
5   Email:  sarah.esmaili@aporter.com

6   Peter L. Zimroth (*pro hac vice* admission pending)
    Kent A. Yalowitz (*pro hac vice* admission pending)
7   Nancy G. Milburn (*pro hac vice* admission pending)
    ARNOLD & PORTER LLP
8   399 Park Avenue
    New York, NY  10022
9   Telephone:  (212) 715-1000
    Facsimile:  (212) 715-1399
10  Email:  peter.zimroth@aporter.com
    Email:  kent.yalowitz@aporter.com
11  Email:  nancy.milburn@aporter.com

12  Attorneys for Plaintiff
    CALIFORNIA RESTAURANT ASSOCIATION

13

14                      **UNITED STATES DISTRICT COURT**

15                   **NORTHERN DISTRICT OF CALIFORNIA**

16   _____          C-08-3247 CW

                                          Case No. _____
17   CALIFORNIA RESTAURANT
     ASSOCIATION,
18                                        **STIPULATION AND ORDER**
                     Plaintiff,           **REGARDING PAGE LIMITS AND**
19                                        **BRIEFING SCHEDULE REGARDING**
                                          **PLAINTIFF'S MOTION FOR**
20          v.                            **DECLARATORY RELIEF AND A**
                                          **PRELIMINARY INJUNCTION, AND**
21   THE CITY AND COUNTY OF SAN           **REGARDING STAY OF**
     FRANCISCO and THE SAN FRANCISCO      **ENFORCEMENT**
22   DEPARTMENT OF PUBLIC HEALTH,
                                          **(Civil Local Rule 7.11)**
23                   Defendants.

24   _____

25

26

27                                        EXHIBIT B

28

---

STIPULATION AND [PROPOSED] ORDER REGARDING PAGE LIMITS FOR
PLAINTIFF'S MOTION FOR DECLARATORY RELIEF AND A PRELIMINARY INJUNCTION

**STIPULATION**

WHEREAS, Plaintiff California Restaurant Association filed a Complaint against the City and County of San Francisco and the San Francisco Department of Public Health (collectively, "Defendants") alleging that Ordinance 40-08 ("Ordinance") violates the U.S. and California Constitutions;

WHEREAS, the Ordinance amends San Francisco Health Code sections 468-468.8 to require restaurants with twenty or more establishments in the State of California to make statements showing certain nutritional information on menu boards and menus in manner prescribed by the Ordinance;

WHEREAS, Plaintiff alleges that the Ordinance is preempted under federal and state law and that the Ordinance unconstitutionally compels speech by the restaurants subject to the Ordinance;

WHEREAS, Plaintiff has brought a Motion for Declaratory Relief and a Preliminary Injunction ("Motion") in this action to enjoin the San Francisco Department of Public Health from enforcing the Ordinance;

WHEREAS, certain nutritional disclosure requirements begin to take effect under the Ordinance on August 23, 2008 ("Disclosure Requirements");

WHEREAS, a proposed amendment to the Ordinance is pending that would, among other things, postpone the operative date of these Disclosure Requirements to September 20, 2008;

WHEREAS, in light of the proposed amendment to the Ordinance, Defendant San Francisco Department of Public Health has stated that it will not enforce these Disclosure Requirements until September 20, 2008;

WHEREAS, the Parties have agreed that, subject to Court approval of this Stipulation, Plaintiff's Motion would be noticed at least 63 days before the hearing date, Defendants' opposition papers would be due no less than 35 days before the hearing date, and Plaintiff's reply to the opposition papers would be due no less than 14 days before the hearing date;

- 1 -

1    WHEREAS, Defendants have agreed to postpone the operative date of the Disclosure

2    Requirements until October 14, 2008;

3    WHEREAS, Civil Local Rule 7-2(b) provides for a twenty-five (25) page limit on any

4    motion and supporting memorandum of points and authorities filed in this action;

5    WHEREAS, Civil Local Rule 7-3(c) provides for a twenty-five (25) page limit on any

6    opposition to any motion filed in this action;

7    WHEREAS, given the complexity of the constitutional issues raised in the action and in the

8    Motion, Plaintiff and Defendants believe that it is appropriate, subject to Court approval, for the

9    Motion and supporting memorandum of points and authorities and the Opposition to the Motion to

10    exceed the twenty-five (25) page limit such that they are each no more than thirty-five (35) pages in

11    length; and

12    WHEREAS, Plaintiff and Defendants agree that this stipulation is without prejudice as to

13    any party's right to seek further or additional relief as to matters addressed herein;

14    IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiff and Defendants,

15    subject to approval of the Court, that:

16    1.    Plaintiff's Motion (including the supporting memorandum of points and authorities)

17    may exceed the twenty-five (25) page limit imposed by Civil Local Rule 7-2(b), but may not exceed

18    a total of thirty-five (35) pages, exclusive of the caption page, table of contents, table of authorities,

19    declarations, and exhibits.

20    2.    Defendants' opposition to the Motion may exceed the twenty-five (25) page limit

21    imposed by Civil Local Rule 7-3(c), but may not exceed a total of thirty-five (35) pages, exclusive

22    of the caption page, table of contents, table of authorities, declarations, and exhibits.

23    3.    Plaintiff's Motion shall be noticed for hearing on a date that is no less than 63 days

24    after the Motion is filed and served.

25    4.    Defendants' opposition to the Motion shall be filed and served not less than 35 days

26    before the hearing date.

27

28

- 2 -

STIPULATION AND [PROPOSED] ORDER REGARDING PAGE LIMITS AND BRIEFING REGARDING MOTION FOR
DECLARATORY RELIEF AND A PRELIMINARY INJUNCTION, AND REGARDING STAY OF ENFORCEMENT

5.      Plaintiff's reply to Defendants' Opposition to the Motion shall be filed and served

not less than 14 days before the hearing date.

6.      The operative date of the Ordinance shall be stayed until October 14, 2008 without

prejudice as to Plaintiff's right to seek a further stay and Defendants' right to oppose any further

stay.

**SO STIPULATED:**

Dated: July __, 2008                    ARNOLD & PORTER LLP


By:    _____
                  Trenton H. Norris
                Attorneys for Plaintiff
        CALIFORNIA RESTAURANT ASSOCIATION


Dated: July __, 2008                    DENNIS J. HERRERA
                                        City Attorney
                                        FRANCESCA GESSNER
                                        Deputy City Attorney


By:    _____
                  Francesca Gessner
                    Tara Steeley
                Attorneys for Defendants
        CITY AND COUNTY OF SAN FRANCISCO
        AND SAN FRANCISCO DEPARTMENT OF
                  PUBLIC HEALTH

1          PURSUANT TO THE STIPULATION, IT IS SO ORDERED:

2                  7/23/08

3    Dated: _____

4

5                                    _____

6                                    UNITED STATES DISTRICT COURT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        - 4 -

STIPULATION AND [PROPOSED] ORDER REGARDING PAGE LIMITS AND BRIEFING REGARDING MOTION FOR
DECLARATORY RELIEF AND A PRELIMINARY INJUNCTION, AND REGARDING STAY OF ENFORCEMENT

1  Trenton H. Norris (California State Bar No. 164781)
   Sarah Esmaili (California State Bar No. 206053)
2  ARNOLD & PORTER LLP
   90 New Montgomery Street, Suite 600
3  San Francisco, CA  94105
   Telephone:  (415) 356-3000
4  Facsimile:  (415) 356-3099
   Email:  trent.norris@aporter.com
5  Email:  sarah.esmaili@aporter.com

6  Peter L. Zimroth (*pro hac vice* admission pending)
   Kent A. Yalowitz (*pro hac vice* admission pending)
7  Nancy G. Milburn (*pro hac vice* admission pending)
   ARNOLD & PORTER LLP
8  399 Park Avenue
   New York, NY  10022
9  Telephone:  (212) 715-1000
   Facsimile:  (212) 715-1399
10 Email:  peter.zimroth@aporter.com
   Email:  kent.yalowitz@aporter.com
11 Email:  nancy.milburn@aporter.com

12 Attorneys for Plaintiff
   CALIFORNIA RESTAURANT ASSOCIATION

13

14                 **UNITED STATES DISTRICT COURT**

15                **NORTHERN DISTRICT OF CALIFORNIA**

16 CALIFORNIA RESTAURANT                    ) Case No. 08-CV-03247 CW
   ASSOCIATION,                             )
17                                          ) **PLAINTIFF CALIFORNIA**
                Plaintiff,                  ) **RESTAURANT ASSOCIATION'S**
18                                          ) **STATEMENT OF NON-OPPOSITION**
        v.                                  ) **TO DEFENDANTS' ADMINISTRATIVE**
19                                          ) **MOTION TO CONSIDER WHETHER**
   THE CITY AND COUNTY OF SAN               ) **CASES SHOULD BE RELATED**
20 FRANCISCO and THE SAN FRANCISCO          )
   OF DEPARTMENT OF PUBLIC HEALTH,          ) The Honorable Claudia Wilken
21                                          )
                Defendants.                 )
22 ―――――――――――――――――                        )
   CALIFORNIA RESTAURANT                    )
23 ASSOCIATION,                             )
                                            )
24              Plaintiff,                  ) Case No. 08-CV-03685 RS
                                            )
25      v.                                  ) *Reassignment to a United States*
                                            ) *District Court Judge pending*
26 THE COUNTY OF SANTA CLARA and            )
   THE SANTA CLARA COUNTY PUBLIC            )
27 HEALTH DEPARTMENT,                       )
                                            )
28              Defendants.                 )

**EXHIBIT C**

508662_1.DOC

1    Plaintiff California Restaurant Association respectfully submits this statement of non-

2    opposition in response to Defendants County of Santa Clara and the Santa Clara County Public

3    Health Department's Motion To Consider Whether Cases Should Be Related. Although Plaintiff

4    does not believe the cases are related, it does not oppose reassignment, and writes to inform the

5    Court of its need for an expedited hearing date and briefing schedule in *California Restaurant*

6    *Association v. The County of Santa Clara, et al.*, Case No. 08-CV-03685 RS (the "*Santa Clara*

7    *County* case") on its Motion for Declaratory Relief and a Preliminary Injunction ("Preliminary

8    Injunction Motion") for the reasons stated below.

9    The Complaint against Defendants that is currently pending in the *Santa Clara County* case

10   arises out of an action that Plaintiff filed in the Santa Clara County Superior Court ("Superior

11   Court"). On July 22, 2008, Plaintiff filed the Superior Court action seeking declaratory and

12   injunctive relief to prevent enforcement of a newly promulgated ordinance, Santa Clara County

13   Ordinance No. NS-300.793 (the "Ordinance"), which requires certain chain restaurants to display

14   select parts of nutrition information (calories and in some cases transfat, carbohydrates and sodium)

15   in a precisely described manner on restaurant menus. The Ordinance was passed on June 24, 2008,

16   and goes into effect on September 1, 2008. On July 23, 2008, Plaintiff appeared in the Superior

17   Court, along with counsel for Defendants. Plaintiff obtained on that date a hearing date of August

18   15, 2008 from the Clerk of the Complex Litigation Division of that Court. Based on this August 15,

19   2008 hearing date, Defendants were required to file their opposition papers to the Preliminary

20   Injunction Motion by August 4, 2008, and Plaintiff was required to file its reply papers by August 8,

21   2008. However, on August 1 – the last business day before their opposition brief was due –

22   Defendants removed the action from the Superior Court. The removed case was assigned to

23   Magistrate Judge Richard Seeborg in the Northern District of California, San Jose Division.

24   Defendants have not filed an opposition to the Preliminary Injunction Motion before or since

25   removal.

26   Defendants have refused to stay the September 1, 2008 effective date of the Ordinance.

27   Consequently, on August 6, 2008, Plaintiff filed an Administrative Motion before Magistrate Judge

28

- 2 -

1   Seeborg, seeking an expedited hearing and briefing schedule so that its Preliminary Injunction

2   Motion could be heard and decided before the September 1 effective date of the Ordinance. A copy

3   of that Administrative Motion and the Proposed Order Granting that Administrative Motion are

4   attached as Exhibits 1 and 2, respectively. However, on August 7, 2008, Defendants filed a

5   Declination To Proceed before a Magistrate Judge and Request for Reassignment to a United States

6   District Judge. To Plaintiff's knowledge, the *Santa Clara County* case has not yet been reassigned

7   to a United States District Court Judge.

8        On August 6, 2008, Defendants filed their administrative motion seeking to relate the *Santa*

9   *Clara County* case, Case No. 08-CV-03685, to *California Restaurant Association v. The City and*

10  *County of San Francisco, et al.*, Case No. 08-CV-3247 CW. Local Civil Rule 3-12 provides:

11            An action is related to another when:

12            (1) The actions concern substantially the same parties, property,
             transaction or event; and
13

14            (2) It appears likely that there will be an unduly burdensome
             duplication of labor and expense or conflicting results if the cases are
             conducted before different Judges.
15

16  Although the cases involve different defendants and different ordinances, Plaintiff agrees that there

17  are judicial economies in having the cases consolidated before a single judge and therefore do not

18  oppose reassignment under Paragraph E.4 of General Order No. 44. However, Plaintiff writes to

19  bring to this Court's attention its need for an expedited hearing and briefing schedule in the *Santa*

20  *Clara County* case (Case No. 08-CV-03685) in light of the September 1 effective date of the Santa

21  Clara Ordinance, and the *Santa Clara County* defendants' unwillingness to agree to a stay.

22       Given Defendants' (1) removal of this case on the eve of the due date of their opposition to

23  the Preliminary Injunction Motion, (2) refusal to agree to a stay of the hearing date and briefing

24  schedule proposed by Plaintiff in its Administrative Motion, and (3) declination of consent to have

25  the case heard before Magistrate Judge Seeborg, Defendants have placed this case in a posture

26  where Plaintiff is unable to have its Preliminary Injunction Motion scheduled for briefing and a

27  hearing on the expedited schedule it requires. In their Declination To Proceed Before a Magistrate

28                                          - 3 -

1  Judge, Defendants state that Plaintiff's Motion for Declaratory Relief and a Preliminary Injunction

2  in *California Restaurant Association v. City and County of San Francisco* (Case No. 08-CV-03247

3  CW) is set for a hearing on September 4, 2008. That date was agreed upon by the parties in that

4  case because the City and County of San Francisco agreed to stay the effective date of its ordinance

5  until October 14, 2008. A September 4 hearing date for the Preliminary Injunction Motion in the

6  *Santa Clara County* case would mean that the motion would not be heard – let alone decided –until

7  <u>after</u> the Ordinance went into effect and the Plaintiffs' members were denied their constitutional

8  rights. Such a schedule not only would infringe on constitutional rights of the most serious nature,

9  it would also deny Plaintiff and its members their right of meaningful access to the Courts, after

10  Plaintiff has made every effort to obtain a prompt hearing date and expedited briefing schedule.

11  <u>**CONCLUSION**</u>

12       For the reasons stated herein, Plaintiff does not oppose Defendants' administrative motion.

13  If the *Santa Clara County* case is related to Case No. 08-CV-03247 CW, Plaintiff believes it is

14  appropriate for the Court to order an expedited briefing and hearing schedule on the Preliminary

15  Injunction Motion that is consistent with what Plaintiff has requested in the *Santa Clara County*

16  case.

17

18  Dated: August 7, 2008               ARNOLD & PORTER LLP

19

20                          By:        /s/

21                                  Trenton H. Norris

                                Attorneys for Plaintiff

22                                  CALIFORNIA RESTAURANT

                                ASSOCIATION

23

24

25

26

27

28

- 4 -