DENNIS J. HERRERA, State Bar #139669
City Attorney
WAYNE SNODGRASS, State Bar #148137
FRANCESCA GESSNER, State Bar #247553
TARA M. STEELEY, State Bar #231775
Deputy City Attorneys
1 Dr. Carlton B. Goodlett Place
City Hall, Room 234
San Francisco, California 94102-4682
Telephone:    (415) 554-4762
Facsimile:    (415) 554-4699
E-Mail:    francesca.gessner@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIA RESTAURANT ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO AND THE SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH,<br><br>Defendants. | Case No. C08-3247 CW<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S OPPOSITION TO PLAINTIFF'S LETTER REQUEST FOR ENLARGEMENT OF PAGE LIMIT FOR REPLY MEMORANDUM** |
| CALIFORNIA RESTAURANT ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>THE COUNTY OF SANTA CLARA AND THE SANTA CLARA COUNTY PUBLIC HEALTH DEPARTMENT,<br><br>Defendants. | Case No. C08-3685 CW<br>(Related with above case) |

Defendant City and County of San Francisco ("San Francisco") hereby submits its opposition to Plaintiff California Restaurant Association's ("CRA") request, submitted by letter to this Court on August 19, 2008, for an enlargement of the page limit on its consolidated reply memorandum to an extraordinary 45 pages.  This is *three times* the number of pages provided by Civil Local Rule 7-3, *ten pages longer* than its opening brief in the San Francisco action and San Francisco's opposition brief, and *fifteen pages longer* than its opening brief in the Santa Clara action.  As explained below, CRA has not provided any valid reason why it is entitled to file a bloated 45-page reply brief.  And although CRA has been in possession of San Francisco's opposition brief and all of the *amicus* briefs for nearly three weeks, CRA waited until only three days before its reply brief is due to file this letter request, flouting the procedures established under the Civil Local Rule 7-11 to deal with just such requests.  For these reasons, CRA's request for permission to file a 45-page reply brief must be denied.[1]

### I. CRA HAS PROVIDED NO VALID REASON WHY IT NEEDS AN EXTRAORDINARY 45-PAGES FOR ITS REPLY BRIEF

CRA and San Francisco, as well as this Court, have already considered the appropriate page limits for briefing on CRA's preliminary injunction motion..  On July 3, 2008, San Francisco and CRA filed a stipulation with this Court setting forth the briefing schedule and the page limits for *California Restaurant Association v. City and County of San Francisco* (the "San Francisco case"). Pursuant to the July 3, 2008 stipulation, each party was given up to 35 pages for their opening and opposition briefs.  When negotiating the terms of the July 3rd stipulation, the parties discussed the likelihood that the same parties that submitted *amicus* briefs in the New York City menu labeling litigation may submit similar *amicus* briefs in support of San Francisco.  Nonetheless, at no time during these discussions did CRA request additional pages for its reply brief.  Declaration of Tara Steeley at ¶ 1 ("Steeley Decl.").

---

[1] San Francisco does not contest CRA's request to file a consolidated reply brief or its request that all parties in the San Francisco and Santa Clara cases participate in the hearing scheduled for August 28, 2008.  As requested by the Court in its August 15, 2008 order, San Francisco has filed a notice stating its intention to appear at the hearing on August 28, 2008 and its consent to vacate the hearing scheduled for September 4, 2008.

SAN FRANCISCO'S OPP. TO REQUEST FOR
ENLARGEMENT OF PAGE LIMIT
CASE NOS. C08-3247 (CW) & C08-3685 (CW)

1

n:\govlit\li2008\090033\00504237.doc

Nearly seven weeks later, on Monday August 18, 2008, Plaintiff's counsel telephoned San Francisco's counsel asking the City to stipulate to an enlarged 40-page limit for CRA's reply brief *for the San Francisco case alone*. When asked to explain, CRA referenced the number of pages filed by *amici*, but could not identify any new or unexpected arguments in the *amicus* briefs that were not already addressed in CRA's moving papers. The amicus briefs support the arguments set forth in San Francisco's opposition; they do not raise new ones. CRA is responding to San Francisco's 35-page opposition, not 170 pages. For these reasons, San Francisco refused to stipulate to 40 pages. Steeley Decl. at ¶ 2.

The next day, Tuesday August 19, 2008, Plaintiff's counsel sent an email to counsel for both San Francisco and Santa Clara asking them to stipulate to a 45-page limit for a consolidated reply brief in both cases. Steeley Decl. at ¶ 3. Both San Francisco and Santa Clara responded that given the identical legal issues and nearly identical factual issues presented in both cases, they could not see the need for 45 pages for the consolidated reply brief. Both San Francisco and Santa Clara offered 25 pages for the consolidated reply brief. Steeley Decl. at ¶¶ 4, 5.

Ignoring San Francisco and Santa Clara's reasonable offer of 25 pages, CRA then filed a letter with this Court seeking 45 pages for its reply brief. In making this request, CRA relies solely on the number of pages submitted by *amici* in support of San Francisco. CRA does not even attempt to identify any new arguments made in the *amicus* briefs that would justify the need for a 45-page reply brief. Nor could CRA make this showing, given that the *amicus* briefs support the arguments made by San Francisco, but do not offer new arguments.

In addition, long before they filed their opening brief in this case, CRA's counsel was in possession of *identical* or *nearly identical amicus* briefs filed by the *same amici* in the menu labeling litigation in New York City. Thus, CRA could have, and in fact did, address the arguments made by the *amici* in its opening brief in the San Francisco case. *See* Pl. Mem. of Points & Authorities, at 10 (addressing arguments made by "New York City and its *amici*"); at 14-20 (addressing argument made in the FDA's *amicus* brief). CRA's assertion that it now needs *45 pages* to rehash these arguments rings hollow.

The only conceivable reason that CRA could need 45 pages for its reply brief is in order to introduce new arguments in its reply, a practice this Court has recognized is improper. *See Litmon v. Santa Clara County*, 2008 WL 2242307 at *7 n.1 (N.D.Cal. May 29, 2008) (party may not raise new argument for first time in a reply brief).

## II.    CRA'S LETTER REQUEST VIOLATES CIVIL LOCAL RULE 7-11

Civil Local Rule 7-11 provides the procedure for requesting "administrative relief" such as "to exceed otherwise applicable page limitations." Civ. L. Rule 7-11. The rule requires the requesting party to file a motion, supported by a stipulation or a declaration, setting forth the "action requested and the reasons supporting the motion." *Id.* Opposing counsel then has three days to oppose the request, and the request is deemed submitted to the Court on the fourth day.[2] Civ. L. Rule 7-11(b)&(c). Counsel for CRA is well aware of this requirement, as it has already filed administrative motions under Rule 7-11 in these related cases.

Nonetheless, CRA flouted this rule by submitting a *letter* to this Court only *three days* before their reply brief was due. Nowhere in its letter does CRA justify its departure from the local rules. Although CRA now complains that it needs additional pages in order to respond to the *amicus* briefs filed in support of San Francisco, CRA received all of those briefs nearly three weeks ago, and has been aware of most if not all of *amici*'s arguments ever since *amici* filed their *amicus* briefs in the New York City action many months ago. Clearly, CRA has been on notice of the number of pages filed and easily could have filed an administrative motion in a timely manner. By ignoring this Court's rules and procedures, CRA has forced San Francisco to hurriedly oppose its improper request and seeks to force this Court to act before it is even proper to do so under the local rules. Civ. L. Rule 7-11(c). CRA's gamesmanship should not be rewarded.

---

[2] Had CRA followed Rule 7-11's requirements and filed a motion for administrative relief yesterday rather than a letter, San Francisco would have until Friday August 22, 2008 to file its opposition to that motion. Civ. L. Rule 7-11(b). In the interest of a timely resolution of this matter, however, San Francisco is filing its opposition earlier than is required by the local rules.

SAN FRANCISCO'S OPP. TO REQUEST FOR ENLARGEMENT OF PAGE LIMIT
CASE NOS. C08-3247 (CW) & C08-3685 (CW)

3

n:\govlit\li2008\090033\00504237.doc

Dated: August 20, 2008

                            DENNIS J. HERRERA
                            City Attorney
                            WAYNE SNODGRASS
                            FRANCESCA GESSNER
                            TARA M. STEELEY
                            Deputy City Attorneys

                       By: _____/s/_____
                            FRANCESCA GESSNER

                            Attorneys for Defendant
                            CITY AND COUNTY OF SAN FRANCISCO