CITY AND COUNTY OF SAN FRANCISCO               OFFICE OF THE CITY ATTORNEY



DENNIS J. HERRERA
City Attorney

FRANCESCA GESSNER
Deputy City Attorney

DIRECT DIAL: (415) 554-4762
E-MAIL: francesca.gessner@sfgov.org

August 25, 2008

*Via ECF*

The Honorable Claudia Wilken
District Judge
United States District Court for the Northern District of California
1301 Clay Street
Oakland, California 94612-5212

    Re:   *California Restaurant Association v. City and County of San Francisco* CV-08-03247 CW; *California Restaurant Association v. County of Santa Clara*, CV-08-03685 CW (Related Cases)

Dear Judge Wilken:

    We are writing on behalf of Defendants City and County of San Francisco ("San Francisco") and County of Santa Clara ("Santa Clara") to bring to your attention a recent development that may warrant postponement of this Thursday's hearing on Plaintiff California Restaurant Association ("CRA")'s preliminary injunction motions in these two related cases.

    On Friday August 22, 2008, the last day to amend bills in the current legislative session, amendments to Senate Bill 1420 ("SB 1420") were adopted on the floor of the State Assembly. As amended, SB 1420 would require chain restaurants statewide to post calorie amounts for menu items on menus and menu boards. A copy of the amended bill is attached. It is our understanding that the amendments were the result of negotiations between the bill's sponsor Senator Padilla, the Governor's Office, and Plaintiff CRA.

    Most pertinent to the present lawsuits, SB 1420 in its newly amended form contains a clause that may preempt San Francisco and Santa Clara's menu labeling ordinances, rendering these cases moot. Specifically, subsection (j) of the bill provides:

> (j) To the extent consistent with federal law, this section, as well as any other state law that regulates the disclosure of nutritional information, is a matter of statewide concern and occupies the whole field of regulation regarding the disclosure of nutritional information by a food facility. No ordinance or regulation of a local government shall regulate the dissemination of nutritional information by a food facility. Any ordinance or regulation that violates this prohibition is void and shall have no force or effect.

*See* SB 1420 (amended August 22, 2008) attached hereto.

    We have been informed that SB 1420 is likely to be put to a full vote before the Legislature *this week* (perhaps as early as today) before the current legislative session ends on August 31, 2008. If the bill passes the Legislature before August 31st, the Governor will have until September 30, 2008 to sign it into law. If the bill passes and Governor takes no action, the bill would automatically become law on September 30th.

CITY HALL · 1 DR. CARLTON B GOODLETT PLACE, ROOM 234 · SAN FRANCISCO, CALIFORNIA 94102
RECEPTION: (415) 554-4700   FACSIMILE: (415) 554-4699

n:\govlit\li2008\090033\00505046.doc

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Letter to
*Via ECF*

The Honorable Claudia Wilken
Page 2
August 25, 2008

    Because the Legislature has until August 31st to pass the bill, it is not clear whether the Legislature will take action before this Thursday's August 28th hearing date. For that reason, San Francisco and Santa Clara suggest that, in the interest of judicial economy, the August 28th hearing be continued by two weeks to September 11, 2008, or another date convenient for the Court, in order to allow the legislative process to take its course. If and when SB 1420 passes the Legislature, San Francisco and Santa Clara will notify the Court immediately.

    If the Court determines that the hearing should be continued, Santa Clara County is willing to postpone the enforcement provisions of its ordinance (*i.e.*, no fines or penalties will be imposed) from September 1, 2008 until October 14, 2008. October 14th is the same date to which San Francisco has already stipulated to postpone enforcement of its ordinance. Under our proposed timeline, the stay of enforcement of both ordinances until October 14th would still allow the Court ample time to hear and rule upon CRA's preliminary injunction motions before either ordinance is enforced with fines or penalties. Thus, the proposed schedule would not only serve the interest of judicial economy but would preserve the parties' interests in a timely resolution of the preliminary injunction motions prior to enforcement of either ordinance.

    Respectfully submitted,

| | |
|---|---|
| DENNIS J. HERRERA | ANN MILLER RAVEL |
| City Attorney | County Counsel |
| | |
| _____/s/_____ | _____/s/_____ |
| Francesca Gessner | Miguel Marquez |
| Deputy City Attorney | Assistant County Counsel |

Attachment:    Senate Bill 1420 (as amended August 22, 2008)

cc (via facsimile):    Counsel for Plaintiff California Restaurant Association

AMENDED IN ASSEMBLY AUGUST 22, 2008

AMENDED IN ASSEMBLY AUGUST 8, 2008

AMENDED IN SENATE MAY 13, 2008

# SENATE BILL                                          No. 1420

**Introduced by Senators Padilla and Migden**
(Principal coauthors: Assembly Members DeSaulnier and Leno)
**(Coauthors: Senators Alquist, Cedillo, and Romero)**
(Coauthors: Assembly Members Coto and Solorio)

February 21, 2008

An act to add Section 114094 to the Health and Safety Code, relating to food facilities.

LEGISLATIVE COUNSEL'S DIGEST

SB 1420, as amended, Padilla. Food facilities: nutritional information.

The California Retail Food Code provides for the regulation of health and sanitation standards for retail food facilities by the State Department of Public Health. Under existing law, local health agencies are primarily responsible for enforcing this code. A violation of any of these provisions is punishable as a misdemeanor.

This bill would require, *commencing July 1, 2009, to December 31, 2010, inclusive,* each food facility ~~in the state that meets specified criteria~~, *as defined,* to ~~provide~~ *either disclose* nutritional information ~~that includes, per standard menu item, the total number of calories, grams of carbohydrates, grams of saturated fat, grams of trans fat, and milligrams of sodium~~, *as defined, or calorie count information, as defined*. ~~It would also require the menu boards to include the total number of calories for each listed item.~~

96

*The bill would require, on and after January 1, 2011, each food facility in the state that meets specified criteria to disclose calorie content information per standard menu item, as specified.*

The bill would provide that, on and after July 1, 2009, a food facility that violates the provisions of the bill is guilty of an infraction, and would specifically provide that a violation of these provisions is not a misdemeanor. By creating an infraction and adding a new local enforcement duty, this bill would impose a state-mandated local program.

*The bill would declare that its provisions, as well as other state laws that regulate the disclosure of nutritional information, is a matter of statewide concern and would prohibit an ordinance or regulation of a local government from regulating the disclosure of nutritional information by a subject food facility.*

The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state. Statutory provisions establish procedures for making that reimbursement.

This bill would provide that with regard to certain mandates no reimbursement is required by this act for a specified reason.

With regard to any other mandates, this bill would provide that, if the Commission on State Mandates determines that the bill contains costs so mandated by the state, reimbursement for those costs shall be made pursuant to the statutory provisions noted above.

Vote: majority. Appropriation: no. Fiscal committee: yes. State-mandated local program: yes.

*The people of the State of California do enact as follows:*

```
 1    SECTION 1.  The Legislature hereby finds and declares all of
 2  the following:
 3    (a) Over the past two decades, there has been a significant
 4  increase in the number of meals prepared or eaten outside the
 5  home, with an estimated one-third of calories being consumed in,
 6  and almost one-half of total food dollars being spent on, food
 7  purchased from or eaten at restaurants and other food facilities.
 8    (b) Increased caloric intake is a key factor contributing to the
 9  alarming increase in obesity in the United States. According to the
10  Centers for Disease Control and Prevention, two-thirds of
11  American adults are overweight or obese, and the rates of obesity
12  have tripled in children and teens since 1980.
```

1  (c) Obesity increases the risk of diabetes, heart disease, stroke,
2  some cancers, and other health problems.
3  (d) Broader availability of nutrition information regarding foods
4  served at restaurants and other food service establishments would
5  allow customers to make more informed decisions about the food
6  they purchase.
7  (e) Three-quarters of American adults report using food labels
8  on packaged foods, which are required by the federal Nutrition
9  Labeling and Education Act of 1990.
10  (f) Availability of nutrition information regarding restaurant
11  food assists consumers who are monitoring their diets or dealing
12  with chronic diseases, such as cardiovascular disease and diabetes.
13  (g) Consumers should be provided with point of purchase access
14  to nutritional information when eating out in order to make
15  informed decisions involving their health and diet.
16  (h) It is the intent of the Legislature to provide consumers with
17  better access to nutritional information about prepared foods sold
18  at food facilities so that consumers can understand the nutritional
19  value of available foods.
20   SEC. 2.  Section 114094 is added to the Health and Safety Code,
21  to read:
22   114094.  (a) Each food facility in this state that operates under
23  common ownership or control with at least 14 other food facilities
24  with the same name in the state that offer for sale substantially the
25  same menu items, or operates as a franchised outlet of a parent
26  company with at least 14 other franchised outlets with the same
27  name in the state that offer for sale substantially the same menu
28  items, shall make nutritional information available to consumers
29  for all standard menu items. This information shall include, but
30  not be limited to, all of the following, per standard menu item, as
31  usually prepared and offered for sale:
32   (1) Total number of calories.
33   (2) Total number of grams of saturated fat.
34   (3) Total number of grams of trans fat.
35   (4) Total number of grams of carbohydrates.
36   (5) Total number of milligrams of sodium.
37   (b) The nutrition information required in subdivision (a) shall
38  be provided next to each item on the menu in a size and typeface
39  that is clear and conspicuous. A page of the menu shall include,
40  in a clear and conspicuous manner, the following statement:

1  "Recommended limits for a 2,000 calorie daily diet are 20 grams
2  of saturated fat and 2,300 milligrams of sodium." If the food
3  facility also uses a menu board, the food facility may limit the
4  nutritional information listed on the menu board to the total number
5  of calories per item in a size and typeface that is clear and
6  conspicuous.
7     (c) Each food facility described in subdivision (a) that uses only
8  a menu board shall provide on the menu board the total number
9  of calories per item in a size and typeface that is clear and
10 conspicuous. This type of food facility shall, upon request, make
11 the other nutritional information described in subdivision (a)
12 available to consumers in writing at the point of sale.
13    (d) Menus and menu boards may include a disclaimer that
14 indicates that there may be minimal variations in nutritional content
15 across servings, based on slight variations in overall size and
16 quantities of ingredients, and based on special ordering.
17    (e) The nutritional information required by this section shall be
18 determined on a reasonable basis. For purposes of this section,
19 "reasonable basis" means any reasonable means of determining
20 nutrition information for a standard menu item, as recognized by
21 the federal Food and Drug Administration, including, but not
22 limited to, nutrient databases and laboratory analyses. A reasonable
23 basis determination of nutrition information shall be required only
24 once per standard menu item, provided that portion size is
25 reasonably consistent and the food facility subject to this section
26 follows a standardized recipe and trains to a consistent method of
27 preparation.
28    (f) Notwithstanding Section 113789, for purposes of this section,
29 food facility does not include any of the following:
30    (1) Certified farmers' markets.
31    (2) Commissaries.
32    (3) Grocery stores, except for separately owned food facilities
33 to which this section otherwise applies that are located in the
34 grocery store. For purposes of this paragraph, "grocery store"
35 means a store primarily engaged in the retail sale of canned food,
36 dry goods, fresh fruits and vegetables, and fresh meats, fish, and
37 poultry. "Grocery store" includes convenience stores.
38    (4) Licensed health care facilities.
39    (5) Mobile support units.
40    (6) Public and private school cafeterias.

1  (7) Restricted food service facilities.
2  (8) Temporary food facilities.
3  (9) Vending machines.
4  (g) For purposes of this section, a standard menu item does not
5  include food items that are on the menu for less than six months,
6  condiments, other items placed on the table or counter for general
7  use without charge, alcoholic beverages, or packaged foods
8  otherwise subject to the nutrition labeling requirements of the
9  federal Nutrition Labeling and Education Act of 1990.
10  114094. (a) For purposes of this section, the following
11  definitions shall apply:
12  (1) "Food facility" means a food facility in the state that
13  operates under common ownership or control with at least 19
14  other food facilities with the same name in the state that offer for
15  sale substantially the same menu items, or operates as a franchised
16  outlet of a parent company with at least 19 other franchised outlets
17  with the same name in the state that offer for sale substantially
18  the same menu items, except that a "food facility" does not include
19  the following:
20  (A) Certified farmer's markets.
21  (B) Commissaries.
22  (C) Grocery stores, except for separately owned food facilities
23  to which this section otherwise applies that are located in the
24  grocery store. For purposes of this paragraph, "grocery store"
25  means a store primarily engaged in the retail sale of canned food,
26  dry goods, fresh fruits and vegetables, and fresh meats, fish, and
27  poultry. "Grocery store" includes convenience stores.
28  (D) Licensed health care facilities.
29  (E) Mobile support units.
30  (F) Public and private school cafeterias.
31  (G) Restricted food service facilities.
32  (H) Retail stores in which a majority of sales are from a
33  pharmacy, as defined in Section 4037 of the Business and
34  Professions Code.
35  (I) Vending machines.
36  (2) "Calorie content information" means the total number of
37  calories per standard menu item, as that item is usually prepared
38  and offered for sale.

1    *(3) "Drive-through" means an area where a customer may*
2 *provide an order for and receive standard menu items while*
3 *occupying a motor vehicle.*
4    *(4) "Menu board" means a posted list or pictorial display of*
5 *food or beverage items offered for sale by a food facility.*
6    *(5) "Nutritional information" includes, but is not limited to, all*
7 *of the following, per standard menu item, as that item is usually*
8 *prepared and offered for sale:*
9    *(A) Total number of calories.*
10   *(B) Total number of grams of carbohydrates.*
11   *(C) Total number of grams of saturated fat.*
12   *(D) Total number of milligrams of sodium.*
13   *(6) "Point of sale" means the location where a customer makes*
14 *an order.*
15   *(7) "Standard menu item" means a food or beverage item*
16 *offered for sale by a food facility through a menu, menu board, or*
17 *display tag at least 180 days per calendar year, except that*
18 *"standard menu item does not include any of the following:*
19   *(A) A food item that is customized on a case-by-case basis in*
20 *response to an unsolicited customer request.*
21   *(B) An alcoholic beverage, the labeling of which is not regulated*
22 *by the federal Food and Drug Administration.*
23   *(C) A packaged food otherwise subject to the nutrition labeling*
24 *requirements of the federal Nutrition Labeling and Education Act*
25 *of 1990.*
26   *(D) A food Hem when served at a consumer self-service salad*
27 *bar.*
28   *(E) A food or beverage Hem when served at a consumer*
29 *self-service buffet.*
30   *(8) "Reasonable basis" means any reasonable means recognized*
31 *by the federal Food and Drug Administration of determining*
32 *nutritional information, as well as calorie content information,*
33 *for a standard menu item, as usually prepared and offered for sale,*
34 *including, but not limited to, nutrient databases and laboratory*
35 *analyses.*
36   *(9) "Appetizer" means a food item that in generally served prior*
37 *to a food item that is generally regarded as the primary food item*
38 *in a meal. An "appetizer" includes a first course, starter, or small*
39 *plate.*

1  *(10) "Dessert" means a food item that in generally served after*
2  *a food item that is generally regarded as the primary food item in*
3  *a meal. "Dessert" includes, but is not limited to, cakes, pastries,*
4  *pies, ice cream and food items that contain ice cream, confections,*
5  *and other sweets.*
6  *(b) (1) Commencing July 1, 2009, to December 31, 2010,*
7  *inclusive, every food facility shall either disclose nutritional*
8  *information as required by paragraph (2), or comply with*
9  *subdivision (c) during this period of time.*
10 *(2) (A) In order to comply with paragraph (1), a food facility*
11 *that does not provide sit-down service shall disclose the*
12 *information in a clear and conspicuous manner on a brochure that*
13 *is made available at the point of sale prior to or during the*
14 *placement of an order. A food facility that provides sit-down*
15 *service shall provide the nutritional information in a clear and*
16 *conspicuous size and typeface on at least one of the following:*
17 *(i) A brochure available on the table.*
18 *(ii) A menu next to each standard menu item.*
19 *(iii) A menu, under an index section that is separate from the*
20 *listing of standard menu items.*
21 *(iv) A menu insert.*
22 *(v) A table tent on the table.*
23 *(B) Notwithstanding subparagraph (A), a food facility that has*
24 *a drive-through area and uses a menu board to display or list*
25 *standard menu items at the point of sale shall, for purposes of the*
26 *drive-through area only, disclose the nutritional information in a*
27 *clear and conspicuous manner on a brochure that is available*
28 *upon request, and shall conspicuously display a notice at the point*
29 *of sale that reads: "NUTRITION INFORMATION IS AVAILABLE*
30 *UPON REQUEST" or other similar statement that indicates the*
31 *disclosure of nutrition information is available upon request.*
32 *(c) (1) On and after January 1, 2011, every food facility that*
33 *provides a menu shall disclose calorie content information for a*
34 *standard menu item next to the item on the menu in a size and*
35 *typeface that is clear and conspicuous.*
36 *(2) On and after January 1, 2011, every food facility that uses*
37 *an indoor menu board shall disclose calorie content information*
38 *for a standard menu item next to the item on the menu board in a*
39 *size and typeface that is clear and conspicuous.*

1  *(3) On and after January 1, 2011, every food facility that uses*
2  *a display tag as an alternative to a menu or menu board to describe*
3  *a standard menu item that is displayed for sale in a display case*
4  *within the food facility shall disclose calorie content information*
5  *for that standard menu item on the display tag for that item in a*
6  *size and typeface that is clear and conspicuous.*
7  *(4) On and after January 1, 2011, every food facility that has*
8  *a drive-through area and uses a menu board to display or list*
9  *standard menu items at the point of sale shall, for purposes of the*
10 *drive-through area only, disclose the nutritional information for*
11 *each standard menu item in a clear and conspicuous manner on*
12 *a brochure that is available upon request, and shall clearly and*
13 *conspicuously display a notice at the point of sale that reads:*
14 *"NUTRITION INFORMATION IS AVAILABLE UPON REQUEST"*
15 *or other similar statement that indicates the disclosure of nutrition*
16 *information upon request. If a food facility subject to this*
17 *paragraph discloses nutritional information in the manner*
18 *described in subparagraph (B) of paragraph (2) of subdivision*
19 *(b), the food facility shall be deemed to be in compliance with this*
20 *paragraph.*
21 *(d) For purposes of subdivision (c), the disclosure of calorie*
22 *content information on a menu or menu board next to a standard*
23 *menu item that is a combination of at least two standard menu*
24 *items on the menu or menu board, shall, based upon all possible*
25 *combinations for that standard menu item, include both the*
26 *minimum amount of calories for the calorie count information and*
27 *the maximum amount of calories for the calorie count information.*
28 *If there is only one possible total amount of calories, then this total*
29 *shall be disclosed.*
30 *(e) For purposes of subdivision (c), the disclosure of calorie*
31 *content information on a menu or menu board next to a standard*
32 *menu item that is not an appetizer or dessert, but is intended to*
33 *serve more than one individual, shall include both of the following:*
34 *(1) The number of individuals intended to be served by the*
35 *standard menu item.*
36 *(2) The calorie content information per individual serving. If*
37 *the standard menu item is a combination of at least two standard*
38 *menu items, this disclosure shall, based upon all possible*
39 *combinations for that standard menu item, include both the*
40 *minimum amount of calories for the calorie count information and*

1  *the maximum amount of calories. If there is only one possible total*
2  *amount of calories, then this total shall be disclosed.*
3  *(f) The nutritional information and calorie content information*
4  *required by this section shall be determined on a reasonable basis.*
5  *A reasonable basis determination of nutritional information and*
6  *calorie content information shall be required only once per*
7  *standard menu item, provided that portion size is reasonably*
8  *consistent and the food facility follows a standardized recipe and*
9  *trains to a consistent method of preparation.*
10 *(g) (1) Every brochure provided pursuant to this section shall*
11 *include the statement: "Recommended limits for a 2,000 calorie*
12 *daily diet are 20 grams of saturated fat and 2,300 milligrams of*
13 *sodium."*
14 *(2) Menus and menu boards may include a disclaimer that*
15 *indicates that there may be variations in nutritional content across*
16 *servings, based on variations in overall size and quantities of*
17 *ingredients, and based on special ordering.*
18 *(h) This section shall not be construed to create or enhance any*
19 *claim, right of action, or civil liability that did not previously exist*
20 *under state law or limit any claim, right of action, or civil liability*
21 *that otherwise exists under state law. The only enforcement*
22 *mechanism of the section is the local enforcement agency.*
23 *(i) This section shall not be construed to preclude any food*
24 *facility from voluntarily providing nutritional information in*
25 *addition to the requirements of this section.*
26 *(j) To the extent consistent with federal law, this section, as well*
27 *as any other state law that regulates the disclosure of nutritional*
28 *information, is a matter of statewide concern and occupies the*
29 *whole field of regulation regarding the disclosure of nutritional*
30 *information by a food facility. No ordinance or regulation of a*
31 *local government shall regulate the dissemination of nutritional*
32 *information by a food facility. Any ordinance or regulation that*
33 *violates this prohibition is void and shall have no force or effect.*
34 ~~(h)~~
35 *(k)* Commencing July 1, 2009, a food facility that violates this
36 section is guilty of an infraction, punishable by a fine of not less
37 than fifty dollars ($50) or more than five hundred dollars ($500),
38 which may be assessed by a local enforcement agency. However,
39 a food facility may not be found to violate this section more than

1  once during an inspection visit. Notwithstanding Section 114395,
2  a violation of this section is not a misdemeanor.
3  ~~(i)~~
4  *(l)* If any provision of this section, or the application thereof, is
5  for any reason held invalid, ineffective, or unconstitutional by a
6  court of competent jurisdiction, the remainder of this section, shall
7  not be affected thereby, and to this end, the provisions of this
8  section are severable.
9     SEC. 3.  No reimbursement is required by this act pursuant to
10 Section 6 of Article XIII B of the California Constitution for certain
11 costs that may be incurred by a local agency or school district
12 because, in that regard, this act creates a new crime or infraction,
13 eliminates a crime or infraction, or changes the penalty for a crime
14 or infraction, within the meaning of Section 17556 of the
15 Government Code, or changes the definition of a crime within the
16 meaning of Section 6 of Article XIII B of the California
17 Constitution.
18    However, if the Commission on State Mandates determines that
19 this act contains other costs mandated by the state, reimbursement
20 to local agencies and school districts for those costs shall be made
21 pursuant to Part 7 (commencing with Section 17500) of Division
22 4 of Title 2 of the Government Code.

O