August 25, 2008

*Via ECF*

The Honorable Claudia Wilken
District Judge
United States District Court for the Northern District of California
1301 Clay Street
Oakland, California  94612-5212

   Re: *California Restaurant Association v. City and County of San Francisco, et al.,* Case No. CV-08-03427 CW (the *San Francisco* action)
     *California Restaurant Association v. The County of Santa Clara, et al.* Case No. CV-08-03685 CW (the *Santa Clara County* action)

Dear Judge Wilken:

On behalf of Plaintiff California Restaurant Association ("CRA"), we are writing to respond to Defendants' letter to the Court today, which was sent without any attempt to meet and confer with CRA.

Defendants seek to reset the hearing on CRA's Preliminary Injunction Motion in these cases from August 28, 2008 to September 11, 2008 in light of pending Senate Bill 1420. Defendants appear to be saying that if the bill passes, it will preempt the ordinances at issue.  CRA agrees and would also like to avoid any unnecessary hearings.

Unfortunately, Defendants' suggestion of September 11 does not take into account the multiple contingencies involved in the legislative process.  First, as noted in Defendants' letter, even if the bill passes the California Legislature by the August 31 deadline, it may still be 30 days before it becomes law, either with or without the Governor's signature. Second, even if the bill becomes law, it will not be effective until January 1, 2009, leaving several months in which San Francisco and/or Santa Clara might attempt to enforce the ordinances at issue.  For reasons described below, CRA believes that it is more appropriate to continue the hearing date to September 4, 2008.

After receiving Defendants' letter, we asked counsel for the Defendants to stipulate to stay enforcement of the ordinances in the interim period – i.e., until the January 1, 2009 effective date of SB 1420.  The *San Francisco* Defendants indicated that they need to review the matter further internally.  The *Santa Clara County* Defendants appear to be in a similar position, although their counsel have not yet responded definitively to our

The Honorable Claudia Wilken
August 25, 2008
Page 2

inquiry.  Therefore, at present, Defendants' proposal in their letter would not ameliorate CRA's need to have a prompt hearing on its Preliminary Injunction Motions.[1]

That said, if SB 1420 passes before the legislative deadline of August 31, 2008, CRA believes it is possible that the parties will reach a stipulation that would avoid the need to have a hearing on the Preliminary Injunction Motions.  That stipulation would call for a hearing in the event that the Governor vetoes SB1420, which will be known before October 1, 2008.  We therefore believe it is appropriate to continue the hearing on the Preliminary Injunction Motions for one week -- to September 4, 2008, which was the date originally set for the hearing in the *San Francisco* case.  This will allow us all to learn whether the Legislature has approved SB 1420; it will allow the Defendants sufficient time to decide whether they will attempt to enforce the ordinance until January 1, 2009 -- at which time they will be preempted from doing so; and it will also allow enough time for the parties work out a stipulation if appropriate, or to have the Preliminary Injunction Motions heard as promptly as possible in both actions before the October 14, 2008 enforcement date currently agreed to by all Defendants.

We also note that, after receiving the Defendants' letter, in an effort to resolve these scheduling matters without further burdening the court, we contacted counsel for the *San Francisco* Defendants and discussed the matters.  We contacted counsel for the *Santa Clara County* Defendants via email correspondence setting forth CRA's position; however, we received only a brief response from one of its counsel, Tamara Lange, stating that she had a conflict on September 4, 2008 in the afternoon.  She did not indicate, however, whether she could not attend a hearing on the morning of September 4 (should the Court wish to reschedule the hearing then) or whether other counsel at the Santa Clara County Counsel's Office – including those counsel who have appeared in this case – could not attend a hearing at any time on September 4.

---

[1] Although Defendants' letter offers to stay enforcement of the ordinances until October 14, 2008 (which is a date previously agreed to by the *San Francisco* Defendants in the July 23, 2008 Stipulation and Order), CRA has repeatedly informed Defendants that it needs a stay of enforcement for roughly six weeks after any hearing, because it takes time for the affected restaurants to implement the onerous requirements of the ordinance (e.g., determine the relevant nutritional values for all their meals, redesign menu boards and menus, and have the menus and boards produced, shipped and installed).  Indeed, this built-in time period was incorporated in the July 23, 2008 Stipulation and Order in the *San Francisco* action, in which a September 4, 2008 hearing date was set and in which a stay of enforcement lasted until October 14, 2008.  Defendants' proposal to have the hearing on September 11, 2008 would shorten this time period, to the prejudice of CRA's affected members in the *San Francisco* action.

The Honorable Claudia Wilken
August 25, 2008
Page 3

Finally, we wish to apprise the Court that counsel for CRA who will be arguing this motion will need to travel to Oakland from New York, and presently have travel reservations leaving New York on Wednesday morning. We therefore would appreciate the Court's prompt attention to these competing requests for continuance of the August 28 hearing date. For the Court's convenience, enclosed is a proposed order.

        Respectfully submitted,

        /s/
        Trenton H. Norris

1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIA RESTAURANT ASSOCIATION,<br><br>          Plaintiff,<br>  v.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO and THE SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH,<br><br>          Defendants.<br><br>CALIFORNIA RESTAURANT ASSOCIATION,<br><br>          Plaintiff,<br>  v.<br><br>THE COUNTY OF SANTA CLARA and THE SANTA CLARA COUNTY PUBLIC HEALTH DEPARTMENT,<br><br>          Defendants. | Case No. CV-08-03247 (CW), and<br>Case No. CV-08-03685 (CW)<br><br>**[PROPOSED] ORDER RESCHEDULING HEARING ON PLAINTIFF'S MOTIONS FOR DECLARATORY RELIEF AND PRELIMINARY INJUNCTION AND STAYING ENFORCEMENT OF SANTA CLARA COUNTY ORDINANCE**<br><br>The Honorable Claudia Wilken<br><br>Complaints filed: July 3 and July 22, 2008, respectively |

WHEREAS, on August 20, 2008, the Court ordered that the hearing Plaintiff's Motions for Declaratory Relief and a Preliminary Injunction ("Motions") in each of the related actions take place on August 28, 2008 at 2:00 p.m.;

WHEREAS there is a bill currently pending in the California Legislature, Senate Bill 1420, the enactment of which may affect the need for a hearing on Plaintiff's Motions;

WHEREAS, the California Legislature must act on Senate Bill 1420 by August 31, 2008; and

WHEREAS Defendants The County of Santa Clara and the Santa Clara County Public Health Department have agreed, as stated in their August 25, 2008 letter to the Court, to postpone enforcement provisions (i.e., no fines or penalties will be imposed) of Ordinance No. NS-300.793 amending Division A18 of the Santa Clara County Ordinance Code (the "Ordinance");

NOW, THEREFORE, **IT IS HEREBY ORDERED**:

1. The hearing on Plaintiff's Motions in the related actions shall take place on September 4, 2008 at __:_____.m. The hearing presently scheduled for August 28, 2008 at 2:00 p.m. is hereby vacated.

2. Enforcement of fines and penalties under the Ordinance shall be stayed until October 14, 2008 without prejudice as to Plaintiff's right to seek a further stay and the right of Defendants in Case No. CV-08-03685 to oppose any further stay.

IT IS SO ORDERED:

DATED: _____

_____
UNITED STATES DISTRICT COURT JUDGE